STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-218,
SKS - KEN- 1/11/2005

REBECCA BEANE and
DAVID BEANE,

Plaintiffs

v.

MAINE INSURANCE GUARANTY
ASSOCIATION,

Defendant

SUMMARY JUDGMENT

FEB     2005

This matter came before the court on the defendant's motion for summary

judgment arising out of the plaintiffs' complaint for declaratory judgment of their rights

pursuant to the Maine Insurance Guaranty Association Act, 24-A M.R.S.A. §§ 4431 *et*

*seq.*   The issue is whether the defendant Maine Insurance Guaranty Association

("MIGA") would be required to satisfy a judgment in a separately pending medical

malpractice suit.[1]  The plaintiffs have filed a cross-motion for summary judgment and

the court finds that there are no material facts that remain in dispute for purposes of

these cross-motions.

### Background

Plaintiff Rebecca Beane treated with two doctors to obtain diagnosis of a medical

condition.  As the result of what happened to her, Mrs. Beane brought suit against both

doctors for medical malpractice and Mr. Beane brought his own claim against them for

loss of consortium.

---

[1] MIGA  consistently has held its "no coverage" position and the medical malpractice
trial is schedule to be held within the month. In settling part of their claim, the parties
used a "Pierringer" release. Therefore there is an active case or controversy to support
bringing this related declaratory judgment action.

Each of the doctors had his or her own malpractice insurance carrier. However, the carrier for Dr. #2 became insolvent prior to the filing of the complaint against the doctor. Attempts to settle the dispute were partially fruitful in the sense that both plaintiffs were able to obtain compensation from Dr. #1's insurance carrier in a substantial amount, but one which is approximately one-half of the coverage limits of the policy. Believing that their potential damages are several times greater than the amount of the settlement with Dr. #1, the plaintiffs have continued with their legal action against Dr. #2.

Our Legislature has set up a mechanism for the payment of covered insurance claims in cases where the insurer becomes insolvent. MIGA is the organization designed to act as a sort of reinsurer for insolvent Maine insurance companies. The statutes governing MIGA include a "nonduplication of recovery" provision which reads:

> Any person having a claim against an insurer under any provision in an insurance policy, other than that of an insolvent insurer, which is also a covered claim, shall be required to exhaust first the person's right under the policy. Any amount otherwise payable on a covered claim under this subchapter shall be reduced by the amount of any recovery under the insurance policy.

MIGA has invoked this nonduplication provision and denied coverage. The plaintiffs in that litigation then brought the present complaint for declaratory judgment to determine their rights under the insurance statutes.

### Discussion

MIGA's argument that they cannot be held responsible under the statute for damages to the plaintiffs given the procedural status of the case, begins with the legal fact that Drs. #1 and #2 are each responsible for the total damages to the plaintiffs in that action. "In a case involving multi-party defendants, each defendant is jointly and

severally liable to the plaintiff for the full amount of the plaintiff's damages." 14 M.R.S.A. § 156.

The other half of the argument is the "nonduplication of recovery" provisions mentioned above. Combining the two provisions, MIGA argues that the plaintiffs were required to exhaust any insurance coverage held by Dr. #2, before they could expect MIGA to become responsible for any damages for which Dr. #1 is found to be liable.

In response, the plaintiffs in both actions present a legislative interpretation argument grounded mostly on the Legislature's statement of purpose in setting up the MIGA structure. Their argument is that the process and institution for dealing with claims against insolvent insurers was designed primarily to protect insureds and claimants rather than for the protection of the MIGA fund, as MIGA suggests. While the plaintiffs make a good case, the court believes that the legislative goals are not mutually exclusive and that the legislature more likely intended both that the insureds and claimants be protected and that the funds used for such protection would themselves be protected as a "last resort" insurer.

Many other states have similar statutory procedures for protection in the event of insolvent insurance companies. This type of statute tends to generate litigation, and, not surprisingly, the jurisdictions are not uniform in their answers to questions such as the one before this court. The exact question presented here has not been presented to our Supreme Judicial Court. However, that Court has recently provided guidance through a similar case which, with only a minimal amount of extrapolation, indicates what the Court's decision would be when presented with this issue.

In *Jackson Brook Institute, Inc. v. Maine Insurance Guaranty Association*, 2004 ME 140, 861 A.2d 652,[2] the *Jackson Brook* case arose out of claims under "directors and officers liability" insurance policies for the directors of a bankrupt corporation. Examining the same exhaustion provision of 24-A M.R.S.A. § 4443, the Court stated:

> The Maine Insurance Guaranty Insurance Association exists for claimants of insolvent insurers who have no other source of recovery for damages, and therefore, the policy provisions behind MIGA make it a guarantor of last resort. In accordance with the exhaustion requirement of the statute, a claimant must first look beyond MIGA for insurance coverage and exhaust that coverage first.

*Id.* ¶ 12 (citations omitted). Finding that the plaintiff had settled two insurance policies for less than half of the coverage amount, the Court concluded that the other coverage had not been exhausted and that MIGA would not be providing extended coverage.

The facts in the *Jackson Brook* case are different from those in the present action in a sense that the type of coverage and parties are different. Nevertheless, the similarities of the statute being interpreted and policy considerations are sufficiently the same that a similar outcome appears inevitable. The court also notes that although not controlling in the sense of *stari decisis,* another Superior Court arrived at a similar "no exhaustion"/"no coverage" decision even prior to the *Kelly* case on facts even closer to those in the present action. *Maine Insurance Guaranty Association v. Kelly,* Sup. Ct. of Me., Som. Cty., 2004 ME Super. Lexis 88, decided April 20, 2004. Again, the analysis is persuasive.

For the reasons stated above, the entry will be:

(1) Defendant's motion for summary judgment is GRANTED and judgment will be entered for the defendant indicating MIGA has no obligation to the plaintiffs for their medical malpractice claims.
(2) The plaintiffs' cross-motion for summary judgment is DENIED.

---

[2] The present litigation was filed on September 29, 2004. The *Jackson Brook* case was both argued and decided subsequent to that filing.

Dated: January 11, 2005

S. Kirk Studstrup
Justice, Superior Court

LEWISTON ME 04243-0961

DAVID BEANE - PLAINTIFF


Attorney for: DAVID BEANE
WILLIAM ROBITZEK - RETAINED 09/29/2004
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961



vs
MAINE INSURANCE GUARANTY ASSOCIATION - DEFENDANT

Attorney for: MAINE INSURANCE GUARANTY ASSOCIATION
JENNIFER H PINCUS - RETAINED
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426

Attorney for: MAINE INSURANCE GUARANTY ASSOCIATION
JOHN RICH - RETAINED
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 09/29/2004

## Docket Events:
09/29/2004 FILING DOCUMENT - COMPLAINT FILED ON 09/29/2004

09/29/2004 Party(s): REBECCA BEANE
           ATTORNEY - RETAINED ENTERED ON 09/29/2004
           Plaintiff's Attorney: WILLIAM ROBITZEK

           Party(s): DAVID BEANE
           ATTORNEY - RETAINED ENTERED ON 09/29/2004
           Plaintiff's Attorney: WILLIAM ROBITZEK

09/29/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/29/2004

10/21/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
           RESPONSIVE PLEADING - ANSWER FILED ON 10/21/2004
           Defendant's Attorney: CLAUDINE C SAFAR

STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-04-218
                                                  ᔑᔑᔑ-ᔑᔑᔑ- 11|30|05

REBECCA BEANE and
DAVID BEANE,

        Plaintiffs

    v.                                            **DECISION ON MOTIONS**

MAINE INSURANCE GUARANTY
ASSOCIATION,

        Defendant


        This matter comes before the court on remand from the Supreme Judicial Court

for further consideration and the parties' joint request to reconsider their cross-motions

for summary judgment.

### Procedural and Factual Background

        The history of this matter is well set forth in *Rebecca Bean et al. v. Maine Insurance

Guaranty Association*, 2005 ME 104, 880 A.2d 284, and will not be repeated here.  In a

decision dated January 11, 2005, this court granted the defendant's motion for summary

judgment indicating that MIGA has no obligation to the plaintiffs for their medical

malpractice claims.  That decision was appealed to the Supreme Judicial Court, but

while the decision was on appeal, the plaintiffs Beane reached a settlement with Dr.

Pierce, one of the defendants in the companion malpractice litigation which absolved

Dr. Pierce from financial responsibility vis-à-vis the Beanes' damages.  It is unclear how

this settlement reached the attention of the Supreme Judicial Court, but the court noted

its importance thus,

> Neither the record before the Superior Court nor the additional materials
> developed in connection with the settlement with Dr. Pierce included any
> agreed statement or finding regarding the Beanes' total damages,

> although the amount of damages could be important to resolution of MIGA's responsibility in this action.
>
> The parties made no effort to reopen the record in the Superior Court to add the settlement documents to the record and allow the Superior Court to determine if the terms of the settlement affected its judgment in any way. Instead, after oral argument before us, the parties filed a motion to supplement the record on appeal by adding the settlement documents.

*Id.* at ¶ 7, 8. The Supreme Judicial Court held that materials of the type the parties sought to include in the record must be presented first to the trial court. The court stated, "Accordingly, this matter will be remanded to the Superior Court to consider the present posture of the case and develop a decision including consideration of any new material the parties wish to present." In accordance with the court's mandate, this court met with counsel for the Beanes and MIGA. As a result of that meeting, the parties entered a stipulation that the record would be augmented by copies of the settlement agreement between the Beanes and Dr. Pierce and a stipulation of dismissal with regard to the doctor. The parties also stipulated, "Solely for purposes of the pending motion for summary judgment, that the plaintiffs' total damage as in the underlying medical malpractice claim exceed One Million Dollars." The parties did no further briefing of the legal issue presented by the motion for summary judgment, relying upon their previous briefs.

### Discussion

After reviewing the stipulated additions to the record, the court concludes that the additional information adds little to the legal argument and does not change the court's analysis. The stipulation that the total damages would exceed One Million Dollars is important in the sense that it establishes that the coverage issue before the court is a live controversy with real financial impact. Likewise, the terms of the settlement agreement show that resolution of the legal issue will have a real dollars and

cents impact on the parties and should not be dismissed as having been made moot. However, other than these considerations, the stipulated additions to the record do not appear to be particularly legally relevant to the issue before the court and would not occasion any change in the court's analysis or decision. Therefore, the court will again grant the motion for summary judgment for the same reasons as stated in its order of January 11, 2005.

The entry will be:

(1)    Defendant's motion for summary judgment is GRANTED and judgment will be ENTERED for the defendant indicating MIGA has no obligation to the plaintiffs for their medical malpractice claims.
(2)    The plalintiffs' cross-motion for summary judgment is DENIED.

Dated: November __3 0__, 2005

S. Kirk Studstrup
Justice, Superior Court

REBECCA BEANE  - PLAINTIFF

Attorney for: REBECCA BEANE

BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


DAVID BEANE  - PLAINTIFF

Attorney for: DAVID BEANE

BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


vs
MAINE INSURANCE GUARANTY ASSOCIATION - DEFENDANT
,
Attorney for: MAINE INSURANCE GUARANTY ASSOCIATION
JENNIFER H PINCUS  - RETAINED
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426

Attorney for: MAINE INSURANCE GUARANTY ASSOCIATION
JOHN RICH  - RETAINED
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2004-00218

**DOCKET RECORD**

Filing Document: COMPLAINT               Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 09/29/2004

## Docket Events:
09/29/2004 FILING DOCUMENT - COMPLAINT FILED ON 09/29/2004

09/29/2004 Party(s):  REBECCA BEANE
           ATTORNEY - RETAINED ENTERED ON 09/29/2004
           Plaintiff's Attorney: WILLIAM ROBITZEK

           Party(s):  DAVID BEANE
           ATTORNEY - RETAINED ENTERED ON 09/29/2004
           Plaintiff's Attorney: WILLIAM ROBITZEK

09/29/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/29/2004

10/21/2004 Party(s):  MAINE INSURANCE GUARANTY ASSOCIATION
           RESPONSIVE PLEADING - ANSWER FILED ON 10/21/2004
           Defendant's Attorney: CLAUDINE C SAFAR

MAINE INSURANCE GUARANTY ASSOCIATION'S ANSWER TO PLAINTIFFS' COMPLAINT, FILED.

10/21/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
ATTORNEY - RETAINED ENTERED ON 10/21/2004
Defendant's Attorney: JENNIFER H PINCUS

10/21/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
ATTORNEY - RETAINED ENTERED ON 10/21/2004
Defendant's Attorney: JOHN RICH

10/21/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION SUMMARY JUDGMENT FILED ON 10/21/2004
Plaintiff's Attorney: JENNIFER H PINCUS
MAINE INSURANCE GUARANTY ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED
MEMORANDUM OF LAW; MAINE INSURANCE GUARANTY ASSOCIATION'S APPENDIX OF OUT-OF-STATE AND
UNPUBLISHED AUTHORITIES CITED IN ITS MOTION FOR SUMMARY WITH ATTACHED EXHIBITS 1-29 AND
PROPOSED ORDER, FILED.

10/21/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION TO IMPOUND FILED ON 10/21/2004
Defendant's Attorney: JENNIFER H PINCUS
MOTION TO FILE UNDER SEAL THE AFFIDAVIT OF JAMES WINSKOWICZ AND INCORPORATED MEMORADUM OF
LAW WITH PROPOSED ORDER, FILED.

11/01/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION TO ADMIT VISIT. ATTY FILED WITH AFFIDAVIT ON 11/01/2004
Plaintiff's Attorney: JOHN RICH
MOTION FOR ADMISSION OF VISITING ATTORNEY PRO HAC VICE, INCORPORATED MEMORANDUM OF LAW,
AFFIDAVIT OF MARK D. ROBINS AND PROPOSED ORDER, FILED.

11/03/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 11/03/2004
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                              ATTORNEY MARK
D. ROBBINS IS PERMITTED TO PRACTICE IN THIS CASE.

11/15/2004 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/15/2004
Plaintiff's Attorney: PAUL MACRI
CONSENTED TO MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE RESPONSE TO MOTION FOR
SUMMARY JUDGMENT, FILED.

11/16/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/16/2004
Defendant's Attorney: JOHN RICH
DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE ITS REPLY MEMORANDUM TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND PROPOSED ORDER,
FILED.

11/18/2004 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/17/2004
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                              TIME EXTENDED

TO 11/23/04.

11/18/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/16/2004
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                    TIME TO FILE
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT EXTENDED TO 12/10/04

11/23/2004 Party(s): REBECCA BEANE,MAINE INSURANCE GUARANTY ASSOCIATION,DAVID BEANE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/23/2004
JOINT MOTION FOR EXTENSION OF DEADLINE ON MOTION FOR SUMMARY JUDGMENT AND PROPOSED ORDER,
FILED.

11/30/2004 Party(s): REBECCA BEANE,MAINE INSURANCE GUARANTY ASSOCIATION,DAVID BEANE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/23/2004
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                    TIME ENLARGED
TO 12/27/04.

12/08/2004 Party(s): REBECCA BEANE,DAVID BEANE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/08/2004
Plaintiff's Attorney: WILLIAM ROBITZEK
PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACT, FILED.

12/08/2004 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 12/08/2004
Plaintiff's Attorney: WILLIAM ROBITZEK
CROSS MOTION FOR SUMMARY JUDGMENT, PLAINTIFFS STATEMENT OF MATERIAL FACT, AFFIDAVIT OF
PETER DETROY AND WILLIAM ROBITZEK, FILED.

12/08/2004 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION FOR LEAVE FILED ON 12/08/2004
Plaintiff's Attorney: WILLIAM ROBITZEK
CONSENTED TO MOTION FOR LEAVE TO FILE MEMORANDUM IN EXCESS OF THE PAGE LIMIT, FILED.

12/22/2004 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 01/04/2005 @ 11:30
S KIRK STUDSTRUP , JUSTICE

12/22/2004 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 01/04/2005 @ 11:30
S KIRK STUDSTRUP , JUSTICE

12/22/2004 HEARING - MOTION TO IMPOUND SCHEDULED FOR 01/04/2005 @ 11:30
S KIRK STUDSTRUP , JUSTICE

12/22/2004 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 12/22/2004

12/28/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION FOR LEAVE FILED ON 12/27/2004
Defendant's Attorney: JOHN RICH
MAINE INSURANCE GUARANTY ASSOCIATION'S UNOPPOSED MOTION FOR LEAVE OF COURT TO FILE BRIEF
IN EXCESS OF TWENTY (20) PAGES WITH PROPOSED ORDER

12/28/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
RESPONSIVE PLEADING - RESPONSE FILED ON 12/27/2004
Defendant's Attorney: JOHN RICH
MAINE INSURANCE GUARANTY ASSOCIATION'S RESPONSE TO PLAINTIFFS' STATEMENT OFMATERIAL FACT

12/28/2004 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/27/2004
Defendant's Attorney: JOHN RICH
MAINE INSURANCE GUARANTY ASSOCIATION'S OBJECTION TO REBECCA ND DAVID BEANES' CROSS-MOTION
FOR SUMMARY JUDGMENT AND REPLY IN FURTHER SUPPORT OF MAINE INSURANCE GUARANTY
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

01/05/2005 HEARING - MOTION SUMMARY JUDGMENT HELD ON 01/04/2005
S KIRK STUDSTRUP , JUSTICE
Plaintiff's Attorney: PAUL MACRI
MARK ROBBINS, ESQ. FOR THE DEFENDANT. ORAL ARGUMENTS MADE TO THE COURT.

01/05/2005 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 01/04/2004
S KIRK STUDSTRUP , JUSTICE

01/19/2005 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION SUMMARY JUDGMENT DENIED ON 01/11/2005
S KIRK STUDSTRUP , JUSTICE
THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT IS DENIED.  COPIES ISSUED TO COUNSEL OF
RECORD.

01/19/2005 Party(s): MAINE INSURANCE GUARANTY ASSOCIATION
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 01/11/2005
S. KIRK STUDSTRUP , JUSTICE
COPIES MAILED TO ATTYS OF RECORD.

01/20/2005 HEARING - MOTION SUMMARY JUDGMENT HELD ON 01/04/2005
S KIRK STUDSTRUP , JUSTICE
Plaintiff's Attorney: PAUL MACRI
MARK ROBBINS, ESQ. FOR DEFENDANT.  ORAL ARGUMENTS MADE TO THE COURT.

01/20/2005 Party(s): REBECCA BEANE,DAVID BEANE
MOTION - MOTION FOR LEAVE GRANTED ON 01/03/2005
S KIRK STUDSTRUP , JUSTICE
MOTION FOR LEAVE TO FILE MEMORANDUM IN EXCESS OF THE PAGE LIMIT IS GRANTED.  COPIES ISSUED
TO COUNSEL OF RECORD.

01/24/2005 FINDING - JUDGMENT DETERMINATION ENTERED ON 01/11/2005
S KIRK STUDSTRUP , JUSTICE
(1)  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AND JUDGMENT WILL BE ENTERED FOR
THE DEFENDANT INDICATING MIGA HAS NO OBLIGATION TO THE PLAINTIFFS FOR THEIR MEDICAL
MALPRACTICE CLAIMS.  (2)  THE PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT IS DENIED.

COPIES MAILED TO ATTYS.

ORDER - SUMMARY JUDGMENT ENTERED ON 01/11/2005
S KIRK STUDSTRUP , JUSTICE

(1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AND JUDGMENT WILL BE ENTERED FOR THE DEFENDANT INDICATING MIGA HAS NO OBLIGATION TO THE PLAINTIFFS FOR THEIR MEDICAL MALPRACTICE CLAIMS.  (2)  THE PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT IS DENIED.

COPIES MAILED TO ATTYS.
Judgment entered for MAINE INSURANCE GUARANTY ASSOCIATION and against REBECCA BEANE, DAVID BEANE.


01/24/2005 FINDING - FINAL JUDGMENT CASE CLOSED ON 01/24/2005

02/03/2005 Party(s):  REBECCA BEANE,DAVID BEANE
           APPEAL - NOTICE OF APPEAL FILED ON 02/03/2005
           Plaintiff's Attorney:  WILLIAM ROBITZEK
           COPIES OF NOTICE OF APPEAL AND DOCKET SHEETS MAILED TO ATTYS. OF RECORD

02/03/2005 Party(s):  REBECCA BEANE,DAVID BEANE
           APPEAL - NOTICE OF APPEAL SENT TO LAW COURT ON 02/03/2005
           ATTESTED COPIES OF NOTICE OF APPEAL, DOCKET SHEETS AND RECEIPT OF $120.00 FILING FEE
           MAILED TO JAMES CHUTE, CLERK OF THE LAW COURT.

02/16/2005 Party(s):  MAINE INSURANCE GUARANTY ASSOCIATION
           MOTION - MOTION TO IMPOUND MOOT ON 02/16/2005
           MOTION FOR SUMMARY JUDGMENT WAS GRANTED..

02/16/2005 HEARING - MOTION TO IMPOUND HELD ON 01/04/2005
           S KIRK STUDSTRUP , JUSTICE
           Plaintiff's Attorney:  PAUL MACRI
           & MARK ROBBINS, ESQ. (PRO HAC VICE) FOR DEFENDANT

02/16/2005 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 02/24/2005

02/17/2005 APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 02/17/2005
           ALONG WITH ATTESTED COPY OF DOCKET ENTRIES  ON 2/25/05 ACKNOWLEDGMENT OF CLERK'S RECORD
           DATED 2/22/05, FILED.

09/21/2005 APPEAL - MANDATE/ORDER FILED ON 09/21/2005

09/21/2005 APPEAL - MANDATE/ORDER VACATED ON 09/21/2005
           JUDGMENT VACATED, REMANDED TO THE SUPERIOR COURT FOR FURTHER CONSIDERATION IN ACCORDANCE
           WITH THIS OPINION

09/23/2005 APPEAL - RECORD ON APPEAL RECVD FROM LAW COURT ON 09/23/2005
           RECEIVED FROM JAMES CHUTE

10/05/2005 HEARING - OTHER HEARING HELD ON 10/04/2005
           S KIRK STUDSTRUP , JUSTICE
           PAUL MACRI, ESQ., MARK ROBINS, ESQ. AND JOHN RICH, ESQ. PARTICIPATING IN STATUS CONFERENCE
           CALL.  PARTIES WILL PREPARE AND FILE A STIPULATION OF ADDITIONAL RECORD MATERIALS AND ANY
           BRIEFING PROPOSALS BY 10/28/05.

10/28/2005 Party(s):  REBECCA BEANE,DAVID BEANE
           MOTION - MOTION TO RECONSIDER FINDING FILED ON 10/28/2005

Defendant's Attorney: WILLIAM ROBITZEK
JOINT REQUEST OF PARTIES TO RECONSIDER THEIR CROSS-MOTIONS FOR SUMMARY JUDGMENT IN LIGHT
OF THE SUPPLEMENTAL RECORD

10/28/2005 Party(s):  REBECCA BEANE,MAINE INSURANCE GUARANTY ASSOCIATION,DAVID BEANE
          OTHER FILING - STIPULATION FILED ON 10/28/2005
          Defendant's Attorney: JOHN RICH
          Plaintiff's Attorney:  WILLIAM ROBITZEK

12/02/2005 Party(s):  REBECCA BEANE,DAVID BEANE
          MOTION - MOTION TO RECONSIDER FINDING GRANTED ON 11/30/2005
          S KIRK STUDSTRUP , JUSTICE
          COPIES TO PARTIES/COUNSEL                                              (1)
          DEFENDANT'S MOTION FO SUMMARY JUDGMENT IS GRANTED ND JUDGMENT WILL BE ENTERED FOR THE
          DEFENDANT INDICATING MIGA HAS NO OBLIGATION TO THE PLAINTIFFS FOR THEIR MEDICAL MALPRA
          CLAIMS.                                    (2)  THE PLAINTIFFS' CROSS-MOTION FOR
          SUMMARY JUDGMENT IS DENIED.


A TRUE COPY
ATTEST: _____
                  Clerk